UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                                    'O'

| Case No. | 2:19-cr-00799-CAS | | Date | August 29, 2022 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Laura Elias | Jenna Long |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Defendant: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| GREGORY SALLIS (CITATION) | X | | | CLAIRE KENNEDY DFPD | X | X | |

**Proceedings:**   GREGORY SALLIS' MOTION TO TERMINATE SUPERVISED RELEASE (Filed March 16, 2022)[5]

## I.   INTRODUCTION

On March 16, 2022, defendant Gregory Sallis filed a *pro se* motion to terminate his supervised release pursuant to 18 U.S.C. § 3583(e)(1). Dkt. 5 ("Request"). On May 27, 2022, the United State Probation and Pretrial Services filed a supervision report in opposition to defendant's motion. Dkt. 8 ("Supervision Report"). On June 24, 2022, the government filed an opposition to defendant's motion. Dkt. 10 ("Opp."). On July 25, 2022, defendant, now represented by the Office of the Federal Public Defender, filed a reply in support of his motion. Dkt. 11 ("Reply").

## II.   PROCEDURAL HISTORY

The procedural history of this case is known to the parties. For the purposes of the present motion, the following facts are relevant. On September 30, 1998, a jury in the Eastern District of Wisconsin found defendant guilty of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846; possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1); and interstate travel in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952(a)(3). United States v. Robinson, et al., No. 2:98-cr-60-LA-4 (E.D. Wisc.) ("E.D. Wisc. No. 2:98-cr-60-LA-4"), dkt. 165. On January 22, 1999, defendant was sentenced to 360 months in prison and five years of supervised release. Id., dkt. 225. The length of defendant's sentence was informed by the quantity of cocaine base involved (1.5 kilograms or more), defendant's possession of a firearm while selling cocaine, and his criminal history, which includes three violent felonies for which defendant was convicted at the age of 18. Id., dkt. 98.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                  'O'

On September 17, 2019, pursuant to the First Step Act of 2018, Pub. L. No. 115-391, the sentencing court reduced defendant's sentence from 360 months to 288 months. Id., dkt. 603. As defendant had already served 288 months in prison, his term of supervised release commenced on September 18, 2019. Dkt. 4 at 1.

On August 29, 2022, the Court held a hearing on the Request. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

### III. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583(e)(1), a district court is authorized to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" When reviewing a motion for early termination of supervised release, a district court must apply the standards set forth in 18 U.S.C. § 3583(e). United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014).

In turn, § 3583(e) requires a district court to consider and weigh certain factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), in deciding whether to grant or deny a motion to terminate supervised release. Those relevant § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; (4) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the sentence and sentencing range established for the category of the defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

### IV. DISCUSSION

**A. The Court's Discretion to Terminate Supervised Release**

The first question that the Court must answer is whether it has discretion to terminate Sallis' supervised release. In its opposition, the government argues that early termination of Sallis' supervised release is inappropriate because Sallis is serving a mandatory-minimum term pursuant to 21 U.S.C. § 841(b)(1)(A). Opp. at 5. In relevant part, § 841(b)(1)(A) states that "[n]otwithstanding section 3583 of Title 18, any sentence under this subparagraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL                                    'O'

addition to such term of imprisonment[.]" 21 U.S.C. § 841(b)(1)(A). The government contends that this language eliminates district courts' discretion under § 3583(e)(1) to terminate supervised release prior to the expiration of the minimum five-year term that § 841(b)(1)(A) requires sentencing courts to impose. Opp. at 5. The Ninth Circuit Court of Appeals has not addressed the question of whether § 841(b) imposes unalterable mandatory-minimum terms of supervised release, and, according to the government, there is a split of authority among other circuits on this question. Id. The government cites two cases in support of its position that § 841(b)(1)(A) eliminates courts' discretion under § 3583(e)(1) prior to the expiration of the five-year term, United States v. Lafayette, 585 F.3d 435 (D.C. Cir. 2009) and United States v. Vargas, 564 F.3d 618 (2d Cir. 2009), and urges the Court to adopt their reasoning. Id. at 5-6.

It appears to the Court that the cases relied upon by the government are distinguishable for several reasons. First, the defendants in Lafayette and Vargas had not completed one year of supervised release. See Lafayette, 585 F.3d at 440; Vargas, 564 F.3d at 622 n.3. Because completion of one year of supervised release is a prerequisite for early termination under § 3583(e)(1), the courts in Lafayette and Vargas lacked discretion to terminate supervised release, regardless of the statute of conviction. Indeed, in Vargas, the court took issue with defendant's argument that his supervised release should be "preemptively terminate[d]," prior to the expiration of the one-year period, but suggested that "mandatory supervised release may be terminated after a defendant serves at least one year." Vargas, 564 F.3d at 622, 622 n.3. Those cases are inapposite to this case where defendant has served almost three years of his term of supervised release. See E.D. Wisc. No. 2:98-cr-60-LA-4, dkt. 605. Further, the discussion in Lafayette that the government cites for its position pertains to the district court's ability to reduce the defendant's supervised release term pursuant to 18 U.S.C. § 3582(c)(2), not § 3583(e)(1). See Lafayette, 585 F.3d at 440. Section 3582(c)(2) governs modification of an imposed term of imprisonment and is not at issue here.

Notwithstanding the holdings of the cases cited by the government, the weight of authority suggests that the Court has discretion to terminate a mandatory term of supervision. In United States v. Spinelle, the Sixth Circuit Court of Appeals directly addressed the question of whether § 841(b) eliminates the discretionary authority of a district court to terminate supervised release under § 3583(e)(1). 41 F.3d 1056, 1058-61 (6th Cir. 1994). The Spinelle court concluded that, in enacting § 841(b), Congress required the sentencing court to impose at least the minimum supervised release term, but "did not alter the court's separate authority to *terminate* a sentence of supervised release, under 18 U.S.C. § 3583(e)(1), if the conduct of the person and the interest of justice warranted it." Id. at 1060.

Courts have consistently followed Spinelle's reasoning, distinguishing between the sentencing phase and post-sentencing modification phase to conclude that district courts retain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                                              'O'

discretion to terminate supervised release under § 3583(e)(1).  See, e.g., United States v. Scott, 362 F. Supp. 2d 982, 984 (N.D. Ill. 2005) (analyzing the legislative history and purpose of § 841(b) to conclude that Congress intended to "leav[e] untouched the possibility of early termination of supervised release allowed by § 3583(e)."); United States v. McClister, No. 2:02-cr-87-TS, 2008 WL 153771, at *1-2 (D. Utah Jan. 14, 2008) (adopting the reasoning of Spinelle and Scott to find that § 841(b) does not alter courts' discretion under § 3583(e)(1)); United States v. Harris, 258 F. Supp. 3d 137, 143 (D.D.C. 2017) ("The weight of authority confirms that § 3583(e)(1) authorizes termination of statutorily mandated term of supervised release resulting from a pre-2002 conviction under § 841(a)."); Pope v. Perdue, 889 F.3d 410, 414 (7th Cir. 2018) (finding that Congress did not "intend[] a minimum term of supervised release . . . to constrain the court's ability to later terminate it."); United States v. Trotter, 321 F. Supp. 3d 337, 360 (E.D.N.Y. 2018) ("All courts, as far as this court is aware, agree with th[e] position that early termination power exists even when a mandatory minimum was required."); United States v. Carrillo, No. 15-cr-327-MMM (C.D. Cal. Sept. 20, 2016), dkt. 18, at 3-4 (following reasoning of Spinelle, Scott, and McClister); United States v. Palacios, No. 5:11-cr-80-VAP (C.D. Cal. Mar. 11, 2020), dkt. 127, at 7-8 (same).[1]  Therefore, the Court concludes that it has discretion to terminate supervised release pursuant to § 3583(e)(1).

---

[1] The government contends that Spinelle is no longer good law because it was decided prior to the 2002 amendment to 21 U.S.C. § 841, which added the explicit references to § 3583 that, according to the government, eliminate the discretionary authority of a district court to terminate supervised release under § 3583(e)(1).  Compare 21 U.S.C. § 841(b)(1)(A) (1994) ("Any sentence under this subparagraph shall . . . impose a term of supervised release of at least 5 years . . .") with 21 U.S.C. § 841(b)(1)(A) (Nov. 2002) ("Notwithstanding section 3583 of Title 18, any sentence under this subparagraph shall . . . impose a term of supervised release of at least 5 years . . .").  However, as the above referenced cases demonstrate, courts have consistently adopted Spinelle's reasoning, including after passage of the 2002 amendment.  See cases cited *supra* at 4.  In doing so, courts have concluded that the addition of the "[n]otwithstanding section 3583" language served to override the maximum terms of supervised release provided for by § 3583(b) and did not alter courts' post-sentencing discretion under § 3583(e)(1).  See, e.g., Scott, 362 F. Supp. 2d at 984 (rejecting government's argument that the "'[n]otwithstanding section 3583' language added in 2002 to § 841 requires that the statute . . . be read in isolation of the 'entirety' of § 3583.").  For example, in Scott, the court reasoned that "the 2002 language was added in response to challenges filed by a number of drug offenders who were sentenced to periods of supervised release greater than the maximum that would otherwise have been allowed by § 3583(b)."  Id.  Adding the "[n]otwithstanding section 3583" language was thus necessary to authorize the longer terms of supervised release that § 841(b) imposes for specific offenses.  Id.  The court in Scott further reasoned that reading § 841 in its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL                                                  'O'

### B. The Appropriateness of Early Termination of Sallis' Supervised Release

The second question that the Court must answer is whether it should exercise its discretion to grant Sallis' request for termination of supervised release. In answering this question, the Court considers the factors set forth in 18 U.S.C. § 3553(a). The government contends that, even if § 841(b)(1)(A) does not foreclose early termination of supervised release, Sallis' request should be denied in the Court's discretion because the § 3553(a) factors weigh against early termination of his supervised release term. Opp. at 7. Specifically, the government argues that Sallis "is a career offender, with a history of violence and gang membership," that he was "convicted of conspiring to traffic large amounts of crack cocaine," and that continued supervised release deters reoffending. Id. at 8. Additionally, the government argues that, because Sallis received the minimum term of supervised release required by § 841(b)(1)(A), early termination would "ignore the [Sentencing] Guidelines and create an unwarranted disparity with similarly situated defendants." Id.

Probation and Pretrial Services also opposes Sallis' request, due to his moderate risk of reoffending, his criminal history, and his history of gang involvement. Probation Report at 1-2. However, the Probation Report notes that Sallis "has made great strides toward establishing a prosocial lifestyle," and "[h]is only violation of supervision is his use of marijuana, evidenced by his positive drug test on September 2, 2021." Id.

Sallis argues that the § 3553(a) factors weigh in favor of terminating his supervision. Request at 2. Specifically, he argues that his supervised release term should be terminated because he has not engaged in any violence over the past 39 years, including during his 23-year term in prison. Request at 3. Further, since the start of his supervised release, Sallis has volunteered with community organizations that seek to prevent youth from joining gangs. Id. at 4-5. Two such organizations provided letters in support of Sallis' request, attesting to the work

---

entirety "makes clear the congressional intent to require the imposition of a longer minimum period of supervised release than otherwise allowed in § 3583(b) without interfering with the remainder of the statutory scheme." Id. Following the reference to § 3583, § 841 explicitly limits the court's ability to place on probation or suspend the sentence of persons sentenced under § 841 and provides that such persons shall not be eligible for parole during their term of imprisonment. Id. Thus, "[w]hen Congress intended to limit any post-incarceration discretion, . . . it specifically did so," and the absence of any specific limitation on courts' discretion under § 3583(e)(1) indicates that Congress intended to leave intact such discretion. Id. See also, McClister, 2008 WL 153771, at *2 (adopting the Scott court's analysis of the 2002 amendment to § 841); Carrillo, No. 15-cr-327-MMM, dkt. 18, at 3-4 (same); Palacios, No. 5:11-cr-80-VAP, dkt. 127, at 7-8 (same). Following the reasoning in Scott, this Court concludes that it has discretion under § 3583(e)(1), notwithstanding the 2002 amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL                              'O'

that he has done to mentor at-risk youth and to prevent gang violence.  Id.  In his reply, Sallis describes in more detail his pro-social behavior over the past two decades, including his continued employment as a truck driver during his supervised release term.  Reply at 6-7.  Sallis further argues that he likely overserved his sentence pursuant to current law.  Id. at 7.  Finally, Sallis explains that supervised release is burdensome for him because he is considering moving to Texas where the cost of living is lower, and supervised release restricts his ability to move outside of the Central District of California.  Id. at 8.

At oral argument, counsel for defendant explained that, while defendant could request that his supervision be transferred to a judicial district in Texas in the event that he decides to move there, it is not guaranteed that a judicial district in Texas could accommodate supervision of defendant given that some districts are not as large and well-resourced as this one.  The Court finds that the possibility that a judicial district in Texas would be unable to accommodate supervision of defendant is not sufficient to warrant early termination here, particularly in light of the major metropolitan areas in Texas and the absence of any present indication that defendant's supervision could not be transferred there.

While the Court commends Mr. Sallis' progress and community service, the Court finds and concludes that at this time it is premature to terminate supervised release.  Defendant may, after serving four years of supervised release or at a later time, file a further application for termination of supervised release.

Accordingly, the Court **DENIES** defendant's motion to terminate supervised release **WITHOUT PREJUDICE.**

IT IS SO ORDERED.

|  |  |
|---|---|
| Initials of Deputy Clerk | 00 : 09 <br> CMJ |

**Cc:   U.S. Probation and Pretrial Services**